D.R. v City of New York (2025 NY Slip Op 05918)

D.R. v City of New York

2025 NY Slip Op 05918

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 70349/21|Appeal No. 5054|Case No. 2024-03492|

[*1]D.R., Plaintiff-Respondent,
v
City of New York et al., Defendants, Catholic Guardian Services et al., Defendants-Appellants.

Traub Liberman Straus & Shrewsberry LLP, Hawthorne (James R. Wise of counsel), for appellants.
Slater Slater Schulman, LLP, New York (Niraj J. Parekh of counsel), for respondent.

Order, Supreme Court, Bronx County (Sabrina B. Kraus, S.), entered May 20, 2024, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Catholic Guardian Services, Catholic Guardian Society, Catholic Guardian Society and Home Bureau, Catholic Home Bureau for Dependent Children, Catholic Charities of Staten Island, and St. Michael's Home for Children (collectively, St. Michael's Home) to dismiss plaintiff's cause of action for premises liability (fourth cause of action), unanimously reversed, on the law, without costs, the motion granted, and the cause of action for premises liability dismissed.
This action, brought pursuant to the Child Victims Act (CPLR 214-g), arises from abuse allegedly suffered by plaintiff after she was removed from her parents' care by the municipal defendants and placed in residential group foster care with St. Michael's Home. Plaintiff alleges that on numerous occasions from 1957 to 1958, she was sexually abused by an individual who was "acting as a counselor, teacher, trustee, director, officer, employee, agent, servant, or volunteer" for defendants.
Supreme Court should have dismissed the cause of action for premises liability on the ground that it is duplicative of the cause of action for negligent hiring, retention, supervision, and/or direction (NHRSD) (see Nouel v 325 Wadsworth Realty LLC, 112 AD3d 493, 494 [1st Dept 2013], lv denied 23 NY3d 904 [2014]). In contrast with the cause of action for negligence, which is premised upon a heightened duty owed to the infant plaintiff, the cause of action for NHRSD relies on the same facts, requires the same elements, and seeks the same relief as the cause of action based upon premises liability (see Nouel, 112 AD3d at 494; cf. Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025
`